**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-4137**

———————

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

        v.

WADE GAYLE,

                Defendant – Appellant.

———————

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   William  D.  Quarles,  Jr.,  District
Judge.  (1:09-cr-00408-WDQ-1)

———————

Submitted: April 28, 2011                 Decided:  May 2, 2011

———————

Before DAVIS, KEENAN, and WYNN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Catherine Flynn, MEAD, FLYNN & GRAY, P.A., Baltimore, Maryland,
for Appellant.  John Walter Sippel, Jr., Assistant United States
Attorney, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wade Gayle was convicted by a jury of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006). He was sentenced at the bottom of his Guidelines range to 210 months' imprisonment. On appeal, Gayle's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 (1967), stating that in her opinion there are no meritorious issues for appeal, but questioning whether the district court erred in denying Gayle's motion to suppress. Although advised of his right to do so, Gayle has not filed a pro se supplemental brief. The Government declined to file a response. We affirm.

We review the district court's factual findings underlying a motion to suppress for clear error and the court's legal determinations de novo. United States v. Day, 591 F.3d 679, 682 (4th Cir. 2010). When a district court denies a suppression motion, we review the evidence in the light most favorable to the Government. United States v. Matthews, 591 F.3d 230, 234 (4th Cir. 2009), cert. denied, 131 S. Ct. 412 (2010). We give due regard to the district court's opportunity to judge the credibility of witnesses "for it is the role of the district court to observe witnesses and weigh their credibility during a pre-trial motion to suppress." United States v. Abu Ali, 528 F.3d 210, 232 (4th Cir. 2008) (internal quotation marks

2

and citation omitted). Our review of the record leads us to conclude that the district court did not err in denying Gayle's motion to suppress on the grounds that the vehicle stop in question was valid, Gayle's warrantless arrest was supported by probable cause, and Gayle's ensuing statement to authorities was not in response to interrogation and, therefore, admissible.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Gayle's conviction and sentence. This court requires that counsel inform Gayle, in writing, of the right to petition the Supreme Court of the United States for further review. If Gayle requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Gayle. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3